UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:18-cv-00107

**John W. Bradley,**
*Plaintiff,*

v.

**American Electric Power,**
*Defendant.*

Before BARKER, *District Judge*

## ORDER

Defendant's motion to dismiss (Doc. 6) is before the court on review of the report and recommendation (Doc. 10) issued by Magistrate Judge K. Nicole Mitchell. The court **adopts** the report's conclusion that plaintiff failed to show good cause supporting a mandatory extension of the deadline for service of process. As to the question whether a discretionary extension is warranted, the court reserves judgment and **orders** supplemental briefing as directed below.

1. Defendant's motion to dismiss concerns the time limit for plaintiff to accomplish service of process. Plaintiff filed this action on March 8, 2018. Doc. 1. Federal Rule of Civil Procedure 4(c) required plaintiff to serve the summons and a copy of the complaint within the time allowed by Rule 4(m), which is 90 days unless extended by the court. Extensions can be issued retroactively, but plaintiff has not received such an extension. Plaintiff did not serve process until November 5, 2018—some 243 days after filing this action. Doc. 5.

Because service of process was untimely, defendant moves to dismiss this action without prejudice for insufficient service of process. Doc. 6. Plaintiff opposes dismissal by seeking a retroactive extension of the service deadline to 243 days, which would make service of process timely. Doc. 7 at 2-4.

**2.** As authority for dismissal, defendant cites Federal Rules of Civil Procedure 4(m) and 12(b)(5). Rule 12(b)(5) authorizes dismissal for insufficient service of process, which includes untimely service of process. But untimely service can be made timely by a retroactive extension of the service deadline. *See* Fed. R. Civ. P. 4(m). So the plaintiff's burden to show the validity of service of process when facing a Rule 12(b)(5) motion to dismiss, *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134 (5th Cir. 1980), translates into the plaintiff's burden, if service was made after the default 90-day deadline, to procure an extension of that deadline.[1] The court thus analyzes whether plaintiff has justified such an extension.

**3.** Under Rule 4(m), a court must extend the service deadline if a plaintiff shows good cause for failing to meet the 90-day deadline. The magistrate judge concluded that plaintiff here failed to show such good cause. Doc. 10 at 5. Plaintiff did not object to that finding, forfeiting any challenge to it, and the court **adopts** the magistrate judge's conclusion that no good cause requires a deadline extension under Rule 4(m).

**4.** Rule 4(m) also provides a court discretion to extend the time for service of process, even without good cause for missing the 90-day deadline. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Plaintiff requests such an extension. Doc. 7 at 3.

---

[1] Put differently, if the Rule 4(m) time for service of process is not extended past 90 days to the date of actual service, then the Rule 12(b)(5) defense of insufficient service of process applies: "The procedural requirements for proper service are set forth in Rule 4 and they are incorporated by Rule 12(b). The defendant is free to interpose any objection he or she may have to the adequacy of the summoning process by way of a motion under these two subdivisions of Rule 12(b) [subdivisions (b)(4) and (b)(5)]." Charles Alan Wright et al., 5B Federal Practice & Procedure § 1353 (3d ed.). A Rule 12(b)(5) motion does give a court discretion, even if service of process is insufficient, to quash service of process without dismissing the case and allow further time for valid service of process. *Id.* § 1354. But that is effectively the same discretion as the Rule 4(m) discretion to retroactively extend the service deadline. Both do the same thing, so the court approaches its discretion under both rules in the same way.

The magistrate judge recommended that the court exercise its discretion to extend the deadline. Doc. 10 at 6-8. Defendant objected to that recommendation, Doc. 12, so the court now considers de novo whether to exercise its discretion to allow service of process 243 days after this action was filed.

The result of denying a retroactive extension is dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). While such a dismissal does not impose the legal consequence of claim preclusion, it cannot erase the factual passage of time if the plaintiff refiles the action in the future. So, upon refiling a complaint that was dismissed without prejudice, the plaintiff may face time defenses that have accrued, such as the statute of limitations. As the Third Circuit has cautioned, "[t]he lesson to the federal plaintiff's lawyer is not to take any chances. Treat the [deadline] with the respect reserved for a time bomb." *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987).

Plaintiff argues that a discretionary time extension should be favored "to the extent" that dismissal would cause a "statute of limitations issue" were plaintiff to refile his complaint. Doc. 7 at 3. The court is unclear on what that extent is, so the court orders further briefing on that point as explained below.

**a.** Plaintiff brings one state-law claim alleging breach of his employment contract upon his termination on November 16, 2017, and defendant's subsequent failure to reinstate him. Doc. 1 at 3. But plaintiff does not show how the four-year statute of limitations under Texas law for breach of contract, Tex. Civ. Prac. & Rem. Code § 16.004, would bar refiling of the breach-of-contract claim in the future. That four-year period would appear to run well into 2021. Plaintiff gains no ground by citing *Millian v. USAA General Indemnity Co.*, 546 F.3d 321 (5th Cir. 2008), where the parties "agree[d] that dismissal . . . will likely have the effect of dismissal with prejudice" due to a time bar. *Id.* at 328. Unlike there, defendant here does not so agree. Doc. 12 at 4 n.1. And rightly so—as just explained. Plaintiff's reliance on *Millian* for a "heightened standard"

used to assess a potential dismissal (Doc. 7 at 3) appears unavailing.

**b.** Plaintiff also argues that a statute of limitations "issue" would be raised in a refiled action because 42 U.S.C. § 2000e–5(f)(1) requires Title VII claims to be filed within 90 days of receipt of an EEOC right-to-sue letter. *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769 (5th Cir. 1986). But plaintiff has not shown why that limitations issue would not be already raised in this action.

The complaint alleges (Doc. 7 at 3) that plaintiff received an EEOC right-to-sue letter on December 7, 2017. The 90th day after December 7, 2017, was March 7, 2018. But the complaint was not filed until March 8, 2018—one day after the 90th day. The statutory 90-day time requirement "is strictly construed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). It therefore appears likely that plaintiff's Title VII claims are already time-barred. *See Ringgold*, 796 F.2d at 770 (affirming dismissal of Title VII claims because "Ringgold's suit, filed 92 days after delivery to his designated counsel of the right-to-sue letter, was untimely").

The court notes that plaintiff initiated this action by mailing his complaint to the court through FedEx. Doc. 1. His FedEx envelope is dated March 7, 2018, with an expected delivery date of March 8, 2018. Doc. 1. But here, as in most cases, "filing is accomplished only when the complaint is actually received by the clerk" and "filings reaching the clerk's office after a deadline are untimely even if mailed before the deadline." *Clark v. Paragon Sys., Inc.*, 224 F. App'x 360, 361 (5th Cir. 2007). Although courts recognize a "mailbox" exception for plaintiffs in jail, *see Houston v. Lack*, 487 U.S. 266 (1988), that doctrine appears from the pleadings inapplicable here.

In short, it seems likely that a time-bar issue is already present as to the Title VII claims. So it is unclear how a dismissal without prejudice could be said to "cause" a new limitations issue were plaintiff to refile his complaint in the future.

**c.** To allow further exploration of the point, however, the court orders supplemental briefing by the parties. Each party must file, by **12:00 p.m. on September 12, 2019**, a supplemental brief addressing the extent to which a dismissal without prejudice would, if plaintiff were to refile his complaint, occasion a time-bar defense not already present in this action. The supplemental briefs may not exceed five pages and may not address any other issues, such as the good-cause conclusion that the court has already adopted.

The court will consider the parties' arguments on time-bar defenses, in addition to all other relevant considerations, in deciding whether to exercise its discretion to greatly extend the time limit for service of process from 90 days to 243 days.

## Conclusion

The court **adopts** the magistrate judge's conclusion that plaintiff has not shown good cause justifying a mandatory time extension. The court **orders** the supplemental briefing outlined above and, pending review of that briefing, reserves judgment on the magistrate judge's conclusion that a discretionary time extension is warranted and therefore on whether to grant defendant's motion to dismiss.

*So ordered by the court on September 3, 2019.*

J. CAMPBELL BARKER
United States District Judge