UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:18-cv-00107

**John W. Bradley,**
*Plaintiff,*

v.

**American Electric Power,**
*Defendant.*

Before BARKER, *District Judge*

### ORDER

Defendant's motion to dismiss (Doc. 6) is before the court on review of the report and recommendation (Doc. 10) issued by Magistrate Judge K. Nicole Mitchell. The court previously adopted the report's conclusion that plaintiff failed to show good cause supporting a mandatory extension of the deadline for service of process. Doc. 24. As to the question whether a discretionary extension is warranted, the court reserved judgment and ordered further briefing because it appeared from the pleading that denying an extension would not work prejudice in the form of occasioning a new time-bar defense.

Plaintiff has now amended his complaint to state that he received his EEOC right-to-sue letter on December 12, 2017, as opposed to the December 7, 2017 date of receipt alleged in his original complaint. Doc. 25. Accordingly, the 90-day time bar no longer appears applicable from the face of the complaint, although defendant states an intent to dispute the pleaded facts. The 90-day time bar would apply if plaintiff were to refile this action after a Rule 4(m) dismissal, due to the intervening lapse of time. The court assigns that consequence significant weight in favor of a discretionary extension. That weight is tempered here somewhat because, as defendant notes, dismissal would not occasion a time bar to the entire action if refiled, but rather only the Title VII claims.

Other factors cut against a discretionary extension. First, plaintiff does not claim that defendant was "evading service or conceal[ing] a defect in attempted service," as might justify an extension. Fed. R. Civ. P. 4(m) adv. comm. note (1993).

Second, it took over eight months for plaintiff to serve process, and no effort at service was made in that time. *Cf. Gartin v. Par Pharmaceutical Companies, Inc.*, 561 F. Supp. 2d 670 (E.D. Tex. 2007), *aff'd*, 289 Fed. App'x 688 (5th Cir. 2008) (unpublished) (entering Rule 4(m) dismissal after seven months of total inactivity).

Third, although plaintiff initially filed this suit pro se, plaintiff is now represented but fails to offer any evidence of when before his counsel's June 22, 2018 appearance plaintiff formed an attorney–client relationship with his counsel. That makes it difficult to assess the weight to attach to plaintiff's initial pro se filing status. And even "[p]ro se status does not excuse a litigant's complete failure to effect service." *Sys. Signs Supplies v. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Fourth, even after counsel appeared, service was delayed for four and a half more months without any attempts at service. Plaintiff's counsel mentions health issues and the need to investigate his client's case. But the court gives those concerns reduced weight because plaintiff's counsel offers few specifics, such as when the health issues abated, the length of a reasonable investigation, or why the case could not be referred to other counsel if current counsel could not comply with the federal rules.

Finally, timely service of process is important. The general open-door policy of the federal rules is balanced by Rule 4's specific requirement of timely service of process and the interests protected by that rule. Service of the complaint puts a defendant on notice to gather facts for a defense when memories, records, and other evidence might otherwise fade away. Timely service of process can thus safeguard a defendant's right to present a defense and promote the speedy

administration of justice encouraged by federal rules. Fed. R. Civ. P. 1. *See generally Veazey v. Young's Yacht Sale & Service, Inc.*, 644 F.2d 475, 478 (5th Cir. Unit A 1981) (noting that the timely-service-of-process requirement promotes the same interests as do statutes of limitations). That consideration would have more weight here, and perhaps have led to denying an extension, if defendant had argued potential prejudice to its ability to present a defense. Defendant's motion papers, however, make no such argument. Promoting respect for the federal rules' service-of-process requirements is important. But that can be accomplished here by the monetary sanction ordered below.

Balancing those considerations, the court is persuaded to enter a discretionary extension of the service deadline to 243 days after the complaint was filed, as to retroactively make service of process timely. The court thus **overrules** defendant's objections and **adopts** the magistrate judge's recommendation to deny the motion to dismiss.

That extension cures plaintiff's past noncompliance with Rule 4's timing requirement. But it does not erase it. Because plaintiff's noncompliance with that rule was without good cause and has not been otherwise persuasively justified, as noted above, the court **adopts** the magistrate judge's recommendation, to which plaintiff filed no objection, to sanction plaintiff's noncompliance with Rule 4 by ordering plaintiff to pay defendant's reasonable attorney's fees and costs associated with the filing and briefing of its motion to dismiss.

### Conclusion

The court **denies** defendant's motion to dismiss (Doc. 6). As a sanction for plaintiff's past noncompliance with Rule 4's requirements, the court **orders** plaintiff to pay defendant's reasonable attorney's fees and costs associated with its motion to dismiss.

*So ordered by the court on September 16, 2019.*

_____
J. CAMPBELL BARKER
United States District Judge